# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 13, 2008

Charles R. Fulbruge III
Clerk

No. 07-10624
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ANTONIO IBARRA

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CR-204-3

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Antonio Ibarra pleaded guilty to possession with intent to distribute more than 50 kilograms of marijuana, and aiding and abetting. He was sentenced to 97-months' imprisonment. Ibarra challenges only his sentence, asserting that the district court erred, under the advisory Guidelines, by not awarding him an adjustment for acceptance of responsibility and by increasing his offense level for his supervisory role. Although the Guidelines are advisory, the district court

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

is still required to properly apply them in determining the advisory sentencing range. Gall v. United States, 128 S. Ct. 586, 597 (2007).

In the light of Ibarra's denial of involvement on any date, other than that for which he was charged, but the record showing otherwise, as well as our very deferential standard of review for acceptance-of-responsibility denials, the adjustment denial was proper. See United States v. Solis, 299 F.3d 420, 458 (5th Cir. 2002). Additionally, because the record, including testimony at the sentencing hearing, showed Ibarra hired another person to guard and coordinate the transportation of the marijuana, the determination that Ibarra assumed a supervisory role in the offense was not clearly erroneous. See United States v. Creech, 408 F.3d 264, 270 n.2 (5th Cir. 2005); United States v. Jobe, 101 F.3d 1046, 1065 (5th Cir. 1996); U.S.S.G. § 3B1.1, cmt. n.2.

AFFIRMED.